Mr. Mark D. Hatcher 4413 Somers Avenue North Little Rock, Arkansas 72116
Dear Mr. Hatcher:
This letter is being issued in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed initiated act:
 (Popular Name) AN ACT TO ABOLISH THE ARKANSAS SENTENCING COMMISSION AND SENTENCING STANDARDS
 (Ballot Title) AN ACT TO REPEAL ARKANSAS CODE ANNOTATED §§ 16-90-801 THROUGH 16-90-804, THEREBY, ABOLISHING THE ARKANSAS SENTENCING COMMISSION. THIS ACT FURTHER ABOLISHES THE SENTENCING STANDARDS, THE SENTENCING POLICY, AND DEPARTURES FROM THE SENTENCING STANDARDS SET FORTH BY THE ARKANSAS SENTENCING COMMISSION AND ADOPTED BY LAW. ALL PROVISIONS OF THIS ACT OF GENERAL AND PERMANENT NATURE ARE AMENDATORY TO THE ARKANSAS CODE OF 1987 ANNOTATED AND THE ARKANSAS CODE REVISION COMMISSION SHALL INCORPORATE THE SAME IN THE CODE. IF ANY PROVISION OF THIS ACT OR THE APPLICATION THEREOF TO ANY PERSON OR CIRCUMSTANCE IS HELD INVALID, SUCH INVALIDITY SHALL NOT AFFECT OTHER PROVISIONS OR APPLICATIONS OF THE ACT WHICH CAN BE GIVEN EFFECT WITHOUT THE INVALID PROVISION OR APPLICATION, AND TO THIS END THE PROVISIONS OF THIS ACT ARE DECLARED TO BE SEVERABLE. ALL LAWS AND PARTS OF LAWS IN CONFLICT WITH THIS ACT ARE HEREBY REPEALED.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992) The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee, v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
You have not submitted to my office the text of your proposed act. Because the above-stated guidelines for the approval of popular names and ballot titles require that I analyze their sufficiency in light of the substance of the actual proposal, I am unable either to approve or to reject your proposed popular name and ballot title. I suggest that you resubmit it along with the text of your proposed act.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh